Tykeia N. GILES, Appellee,

v.

John B. DOUGLASS, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 24, 2000.

Filed Feb. 29, 2000.

Vivian A. Sye–Payne, Philadelphia, for appellant.

Illene G. Greenberg, Philadelphia, for appellee.

Before JOHNSON, J., CERCONE, President Judge Emeritus, and OLSZEWSKI, J.

OLSZEWSKI, J.:

¶ 1 John Douglass ["Father"] appeals the grant of primary physical custody to Tykeia N. Giles ["Mother"]. Because Father failed to preserve any issues for appeal, we affirm.

¶ 2 Father and Mother had a child ["Child"] on October 2, 1992. The parties never married. Child lived with Mother from birth until June 1993, when Mother and Child moved in with Father. Mother moved out in February 1994, but Child remained with Father. Father had primary physical custody, but the parties had joint legal custody. The custody order was modified periodically but Father always retained primary physical custody.

¶ 3 On February 10, 1998, Mother filed a petition to modify custody. After holding a hearing, the trial court issued an order granting Mother primary physical custody and Father partial physical custody. Father filed notice of appeal. The court then ordered Father to submit a Rule 1925(b) Statement of Matters Complained of on Appeal. To this day, Father has not filed that statement. The trial court issued an opinion confirming its March 17 order. This appeal followed.

¶ 4 Father raises two issues on appeal: (1) whether the court below erred in failing to conduct a full custody hearing to determine whether it was in the child's best interest to modify the existing custody order, and (2) whether it was in the best interest of the child to transfer primary physical custody. *See* Brief for Appellant at 4. While we would like to reach these issues, we find that Father waived them by failing to file a Rule 1925(b) statement.

¶ 5 Rule 1925(b) allows the trial court to issue "an order directing the appellant to ... serve on the trial judge a concise statement of matters complained of on the appeal no later than 14 days after entry of such order." 42 Pa.C.S.A. § 1925(b). Our Supreme Court discussed Rule 1925(b) in *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998). In *Lord,* the Court held that "from this date forward, in order to preserve their claims for appellate review, Appellants *must comply whenever the trial court orders them to file a Statement of*

*Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." Id.* at 309 (emphasis added).

¶ 6 A panel of this Court later addressed Rule 1925 in view of *Lord.* In *Commonwealth v. Overby*, the trial court directed appellant to file a Rule 1925(b) statement, but he failed to do so. *Commonwealth v. Overby*, 744 A.2d 797 (Pa.Super.2000). The trial court held that appellant had therefore waived his issues on appeal, and this Court affirmed. *See id.* In *Commonwealth v. Ortiz*, appellant filed his Rule 1925(b) statement two weeks late, but the trial court subsequently issued an opinion based on that statement. *Commonwealth v. Ortiz*, 745 A.2d 662 (Pa.Super.2000). The panel held that, while appellant's 1925(b) statement was untimely, "the trial court's subsequent opinion discussed the sole issue raised therein and, thus, there is no impediment to our meaningful review." *Id.* at 663 n. 3. It is with these cases in mind that we turn to the matter presently before us.

¶ 7 Here, appellant failed to file a 1925(b) statement altogether. While the trial court did issue an opinion, it noted that it "[did] not know what specific matters [Father] avers are at issue." Trial Court Opinion, 4/6/99, at 7. While the court below attempted to guess what issues Father would appeal, that is not enough for meaningful review. We hold that because Father failed to file a Rule 1925(b) statement, he waived his issues on appeal.

¶ 8 While Father's claims appear to have merit, we cannot allow appellants to ignore procedural rules and trial court orders. We do note that our conclusion does not preclude Father from filing a petition to modify custody, nor does it preclude him from seeking civil relief.

¶ 9 Order affirmed.