J-S53036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CALVIN WILSON | : | |
| | : | |
| Appellant | : | No. 140 EDA 2018 |

Appeal from the PCRA Order December 15, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010812-2013

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED SEPTEMBER 18, 2018**

Appellant, Calvin Wilson, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In its opinion, the PCRA court correctly set forth the relevant facts and procedural history of this case.[1]  Therefore, we have no need to restate them. We add that the PCRA court granted counsel's petition to withdraw on November 9, 2017.  On January 8, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.

_____

[1] Page 5 of the PCRA Court Opinion refers to the relevant version of Pa.R.Crim.P. 564, which was later amended on December 21, 2016, and is substantially the same.

_____

*   Retired Senior Judge assigned to the Superior Court.

1925(b), which he timely filed on January 18, 2018.

Appellant raises the following issues for our review:

> WHETHER THE TRIAL AND PCRA COURT ABUSED [ITS] DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN THE TRIAL COURT ALLOWED THE COMMONWEALTH TO AMEND THE BILL OF INFORMATION TO ADD THE CHARGE OF BURGLARY A4 (F2) AFTER JUDGMENT OF ACQUITTAL WAS ENTERED ON THE ORIGINAL CHARGE OF BURGLARY A2 (F1)?
>
> W[ERE] APPELLANT'S RIGHTS VIOLATED UNDER PA.CONST. ART. 1 § 9 AND U.S.CONST. 5 & 14, DUE PROCESS OF LAW AND EQUAL PROTECTION, WHEN APPELLANT WAS CONVICTED OF THE CHARGE OF BURGLARY A4 (F2) WHICH IS NOT A CHARGE IN THE ORIGINAL BILL OF INFORMATION AND APPELLANT DID NOT HAVE A PRELIMINARY HEARING ON THE ADDED/AMENDED CHARGE OF BURGLARY A4 (F2)?
>
> WHETHER…TRIAL AND PCRA COUNSEL WERE INEFFECTIVE FOR FAILING TO OBJECT TO THE ADDITION OF THE NEW CHARGE BURGLARY A4 (F2) BEING ADDED AT THE SPECIFIC TIME OF TRIAL?
>
> WHETHER APPELLANT'S RIGHT TO EFFECTIVE COUNSEL WAS VIOLATED UNDER U.S.CONST. [ART.] 6, AND PA.CONST. ART. 1 § 9 WHEN…TRIAL AND PCRA COUNSEL FAILED TO RAISE, PRESERVE AND LITIGATE APPELLANT'S *PRO SE* CLAIMS THROUGHOUT APPELLANT'S FIRST AND ONLY PCRA PETITION AND APPELLATE PROCESS?
>
> WHETHER THE PCRA COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY SIMPLY ADOPTING PCRA COUNSEL['S] [***TURNER***/]***FINLEY*** LETTER, AND THE PCRA COURT JUDGE NOT CONDUCTING A SEPARATE MEANINGFUL AND INDEPENDENT REVIEW OR RENDER A [RULE] 1925(A) OPINION ON THE ISSUES RAISED IN…APPELLANT'S INITIAL *PRO SE* PCRA PETITION AND RESPONSE TO ORDER AND NOTICE OF INTENT TO DISMISS APPELLANT'S PCRA PETITION?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Joseph S. O'Keefe, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (*See* PCRA Court Opinion, filed January 26, 2018, at 4-9) (finding: **(1-3)** trial court properly allowed Commonwealth to amend bill of information; facts in amended bill of information for amended burglary charge were identical to facts in support of original burglary charge; amended information merely omitted two elements: whether premises were adapted for overnight accommodation and occupied at time Appellant entered thereby identifying only lesser degree of same offense; Appellant knew he was facing burglary charge and amendment did not affect counsel's preparation; Appellant did not suffer prejudice and there is no reasonable probability that outcome of trial would have differed if counsel had objected; counsel cannot be deemed ineffective for not objecting to amendment; **(5)** PCRA court reviewed all filings, researched parties' arguments, and independently reviewed facts and law about Appellant's allegations; court advised Appellant of its review in both Rule 907 notice and order dismissing PCRA petition; **(4)** Appellant did not specify in his Rule 1925(b) statement which *pro se* claims were not raised, so issue is waived). The record supports the PCRA court's decision. Accordingly, we affirm on the basis of the PCRA court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/18

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

**FILED**

JAN **2 6** 2018

Office of Judicial Records
Appeals/Post Trial

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CRIMINAL TRIAL DIVISION |
| | : | |
| | : | |
| v. | : | 140 EDA 2018 |
| | : | |
| | : | |
| CALVIN WILSON | : | CP-51-CR-0010812-2013 |

CP-51-CR-0010812-2013 Comm. v. Wilson, Calvin
Opinion

**O P I N I O N**

8060412621

**O'KEEFE, J.**

Defendant, Calvin Wilson, appeals from the order denying his Post-Conviction Relief Act

Petition (hereinafter referred to as "PCRA" for the sake of brevity) pursuant to 42 Pa.C.S. § 9541

*et seq.*

## PROCEDURAL HISTORY:

Defendant, Calvin Wilson, was arrested on July 7, 2013, and charged with two counts of

burglary, one count of criminal trespass, and one count of criminal mischief. The information

charged burglary as a felony of the first degree - entering a building or occupied structure, with

the intent to commit a crime therein, where the building or occupied structure was adapted for

overnight accommodation and an individual was present at the time of entry.[1]  Prior to trial the

---

[1] This version of the burglary statute, 18 Pa.C.S. § 3502 (c) (1) was in effect from September 4, 2012 through February 21, 2014.

1

prosecution was permitted to amend the burglary charge to that of a felony of the second degree, removing the elements of the premises being adapted for overnight accommodation and someone present at the time of entry.[2] Following a bench trial on April 17, 2014, Wilson was convicted of the burglary, graded as a felony of the second degree, criminal trespass and criminal mischief. On June 19, 2014, the defendant was sentenced to four to ten years' incarceration, followed by one year of probation.

Timely appeal was made to the Superior Court who affirmed the judgment of sentence on July 7, 2015. *Commonwealth v. Wilson*, 125 A.3d 438 (Pa.Super. 2015) (2136 EDA 2014). *Allocatur* was denied on December 8, 2015. *Commonwealth v. Wilson*, 129 A.3d 1243 (Pa. 2015) (453 EAL 2015).

Mr. Wilson filed this PCRA petition on October 19, 2016, and Jules Szanto, Esquire was appointed to represent the defendant. When Mr. Szanto was injured in an automobile accident, he requested to be relieved of his appointment due to his medical infirmity and new counsel was appointed. On September 5, counsel filed a *Finley*[3] letter and motion to withdraw to which the defendant filed a *pro se* objection on September 25, 2017. After an independent review of the record, a Notice of Intent to Dismiss was mailed to Mr. Wilson on November 9, 2017. Again the defendant filed his *pro se* objection. The undersigned conducted a new, independent review of the record and on December 15th, the petition was dismissed. Timely appeal was made to the Superior Court.

---

[2] The record reflects that prior to trial the prosecutor stated: "I believe there is a problem with the bills that needs to be corrected. Actually, it looks like it may have already been corrected." (N.T. 4/17/14, p.3).
[3] *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (1988)

2

## STANDARD OF REVIEW:

When reviewing an order denying a PCRA petition, an appellate court looks to whether the PCRA court's decision is supported by the evidence of record and is free of legal error. *Commonwealth v. Spotz*, 624 Pa. 4, 84 A.3d 294 (2014). On questions of law, the standard of review is *de novo* and the scope of review is plenary. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014). The court will grant great deference to the factual findings of the PCRA court and will not disturb those facts unless they have no support in the record. *Id.*

## FACTS:

On July 7, 2013, Phillip Yannella arrived at his property located at 1113 Lakeside Avenue in Philadelphia and was unable to enter, as all three of the entrances to the property were blocked from the inside. Mr. Yannella had most recently been to the premises the day before and all was well. (N.T. 4-17-2014, p. 7-8). Concerned, Yannella called the police. (N.T. 4-17-2014, p. 8). Several police officers responded to the radio call. Responding Officer Andy Yun climbed through the recently broken first floor window, and although announcing himself as a police officer multiple times, received no response. Yun opened the door to one of the bedrooms and saw "the defendant attempting to go hide inside a closet in the bedroom." (N.T. 4-17-2014, p. 18). The defendant was placed in custody. Officer Yun proceeded to the front door of the property where he found one of the kitchen cabinet doors wedged between the front door and the staircase and damage to the window and kitchen cabinets. (N.T. 4-17-2014, p. 19-20). The owner testified that the tile on the floor next to the window had been broken, the sliding glass door had been removed, three kitchen cabinet doors had been removed, a screwdriver had been jammed into the garage

3

door tract, property removed from the closets and a blue crack pipe was now in the premises. (N.T. 4-17-2014, p. 10). Mr. Yanella acknowledged that nothing was removed from the house, but then again, the defendant was still inside when the police arrived. (N.T. 4-17-2014, p. 14).

## LEGAL DISCUSSION:

### *Trial Counsel's Failure to Object to Amending the Bill of Information*

The law is clear that counsel is presumed effective and a defendant claiming ineffective assistance of counsel bears the burden of proving otherwise. *Commonwealth v. Fears*, 624 Pa. 446, 86 A.3d 795 (2014); *Commonwealth v. Cross*, 535 Pa. 38, 634 A.2d 173 (1993); *Commonwealth v. Busanet*, 618 Pa. 1, 54 A.3d 35, 45 (2012). That burden never shifts. *Commonwealth v. Cross, supra*. In order to overcome this presumption, a defendant must meet a three component standard: First, the underlying claim must have arguable merit. *Commonwealth v. Rollins*, 558 Pa. 532, 542, 738 A.2d 435, 441 (1999); *Commonwealth v. Travaglia*, 541 Pa. 108, 661 A.2d 352, 356 (1995). Second, no reasonable basis must exist for counsel's actions or inaction. In making this determination, the appellate court does not question whether there was a more logical course of action which counsel could have pursued, but rather did counsel's decision have any reasonable basis. *Commonwealth v. Rollins, supra* at 542, 441. Lastly, the defendant must establish that he suffered prejudice because of the attorney's error, such that there is a reasonable probability that the outcome of the proceeding would have been different absent such an error. *Commonwealth v. Fears, supra* at 461, 804; *Commonwealth v. Lesko*, 609 Pa. 128, 15 A.3d 345, 373-74 (2011) (citing *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987)). A petitioner claiming ineffectiveness must establish that counsel's action or inaction "so undermined the truth determin-

4

ing process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Garnett*, 418 Pa.Super.58, 63, 613 A.2d 569, 571 (1992), *appeal denied*, 621 A.2d 577 (Pa. 1993) (quoting *Commonwealth v. Thomas*, 396 Pa.Super. 92, 98, 578 A.2d 422, 425 (1990)).

Wilson complains trial counsel was ineffective for failing to object to the amendment to the burglary bill of information which lowered the grading of the charge from a felony of the first degree to a felony of the second degree. Permitting an amendment to a bill of information is within the sound discretion of the court and will not be disturbed on appeal except for an abuse of that discretion. *Commonwealth v. Small*, 559 Pa. 423, 450, 741 A.2d 666, 681 (1999). Pennsylvania Rule of Criminal Procedure 564 allows amendments to bills of information: "when there is a defect in form, the description of the offense(s), the description of any person or property, or the date charged, provided the information as amended does not charge an additional or different offense." Pa.R.Crim.P. 564. The purpose of the rule is to ensure that the accused is fully apprised of the charges and to avoid any prejudice to the defendant by prohibiting last minute addition of criminal acts of which the defendant is uninformed. *Commonwealth v. Mentzer*, 18 A.3d 1200 (Pa. Super. 2011)(citing *Commonwealth v. Sinclair*, 897 A.2d 1218, 1221 (Pa.Super.2006)). When reviewing a request to amend an information the court must take into consideration:

> "...whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct."

*Id.* (quoting *Commonwealth v. Davalos*, 779 A.2d 1190, 1194 (Pa.Super. 2001)).

5

The Superior Court has set out some of the factors to be considered when determining whether the defendant will be prejudiced by the amendment:

> "(1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether the change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation."

*Commonwealth v. Witmayer*, 144 A.3d 939, 947 (Pa.Super.2016); *Commonwealth v. Sinclair*, 897 A.2d 1218, 1222 (Pa.Super.2006); *Commonwealth v. Davalos*, 779 A.2d 1190, 1194 (Pa.Super.2001).

A review of the record clearly shows that the amendment was properly allowed in that the supporting facts for the amended burglary charge were identical to the original burglary accusation. The amendment merely omitted two elements of the crime: whether the premises were adapted for overnight accommodation and whether anyone was present at the time the defendant entered the property. No additional or different offenses were added. The complained of conduct by the defendant remained the same. Wilson was aware he was facing a burglary charge and the amendment did not affect his counsel's preparation. All that changed was the defendant was facing a lesser degree of the same charge. It is undeniable that the defendant suffered no prejudice by the amendment and as such counsel cannot be deemed ineffective for failing to object to the amendment. Likewise, there is no reasonable probability that the outcome of the proceeding would have been different absent such inaction by trial counsel.

6

## *Failure of PCRA Court to Conduct Independent Review*

The appellate courts have developed an elaborate set of requirements which must be followed when an attorney wishes to withdraw from the representation of a PCRA petitioner when there are no meritorious claims. *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988); *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Bond*, 428 Pa.Super. 344, 630 A.2d 1281 (1993). When an attorney, in his or her professional judgment determines that the issues raised in the PCRA are meritless, the attorney will be permitted to withdraw and the defendant may proceed *pro se* or by privately retained counsel. *Commonwealth v. Turner, supra*, 518 Pa. at 495, 544 A.2d at 928-929. In order to do so, counsel must file with the court a no-merit letter, explaining the extent of the attorney's review, the claims raised by the defendant and why those issues are meritless. *Commonwealth v. Finley, supra*, 379 Pa.Super. at 392, 550 A.2d at 215. At that point, the court must conduct its own review of the record and determine if the petition is meritless. Once that procedure is completed and the defendant has received all of the protections inherent in a collateral proceeding, no further inquiry, notification to the defendant or finding that the claims are frivolous is necessary. *Commonwealth v. Finley, supra*, 379 Pa.Super. at 393, 550 A.2d at 215; *Commonwealth v. Bond*, 428 Pa.Super. 344, 347-348, 630 A.2d 1281, 1283 (1993). The proscribed procedure was followed in this matter.

Wilson contends that this court erred in failing to independently reviewing his case. Nothing could be further from the truth. This court reviewed all of the filings, researched the arguments and made an independent review of the facts and law concerning the defendant's allegations. The defendant was advised in both the Notice of Intent to Dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907 and the order dismissing the petition that the undersigned had made an

7

independent review of the entire record before dismissing this defendant's PCRA petition. The defendant has failed to present even an iota of evidence to back up this claim and accordingly, the decision of this court should be affirmed.

### *Failure to Litigate Pro Se Claims*

Defendant's other complaint on appeal was that "trial and PCRA counsel failed to raise, preserve, and litigate appellant's pro se [sic] claims throughout appellant's first and only PCRA petition, and appellate process." Statement of Matters Complained of on Appeal, p.1. Pennsylvania Rule of Appellate Procedure 1925(b) requires that the Statement of Matters Complained of on Appeal must sufficiently, concisely and coherently identify the issues to be raised. *See Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa.Super.2016); *Commonwealth v. Dowling*, 778 A.2d 683 (Pa.Super.2001). As the Superior Court has noted, "Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 308 (1998). When a defendant fails to adequately identify, in a concise manner, the issues he seeks to pursue on appeal, the trial court is impeded in its preparation of a legal analysis pertinent to those issues. *Commonwealth vs. Dowling, supra*, 778 A.2d at 686; *Commonwealth v. Ray, supra*; *In re Estate of Daubert*, 757 A.2d 962, 963 (Pa.Super.2000). "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Butler*, 756 A.2d 55, 57 (Pa.Super.2000) (citing *Giles v. Douglas*, 747 A.2d 1236, 1237 (Pa.Super.2000)). As Appellant's statement fails to adequately identify any remaining issues, they are waived.

8

Accordingly, the court acted within its discretion in dismissing the PCRA petition and should be affirmed.

BY THE COURT:

J. SCOTT O'KEEFE, J.

DATE: **January 26, 2018**

9