J-S46033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MDG DOWNINGTOWN, L.P. and AQUA PENNSYLVANIA, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW KANAPESKY | : | |
| | : | No. 1303 EDA 2019 |
| Appellant | : | |

Appeal from the Order Entered May 26, 2017
In the Court of Common Pleas of Chester County Civil Division at No(s):
2017-05077-CT

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 13, 2019**

This matter is an appeal filed by Matthew Kanapesky, *pro se*, from a preliminary injunction that restrained him from blocking MDG Downingtown, L.P. and Aqua Pennsylvania, Inc. (Appellees) from accessing his property to install a water line pursuant to an easement that he had previously granted. Because Appellant failed to preserve any issues for review, we affirm.

On May 26, 2017, the trial court entered the order at issue here. On June 23, 2017, Appellant filed a document entitled "Appeal from the order entered May 26, 2017 in THE COURT OF COMMON PLEAS of CHESTER COUNTY PENNSYLVANIA CIVIL DIVISION at NO. 2017-05077-CT." On July 21, 2017, the trial court entered an order pursuant to Pa.R.A.P. 1925(b) directing

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant to file and serve on the trial judge within 21 days a Statement of Errors Complained of on Appeal and stating that any issue not included in a timely filed Statement of Errors Complained of on Appeal "shall be deemed waived." Trial Court Order, 7/21/17. The docket entries state that copies of this order were sent on that date "to all counsel and unrepresented parties." Docket Entries at 5. Appellant did not file or serve any Statement of Errors Complained of on Appeal within 21 days of this order or at any time thereafter.

Appellant also did not pay the required filing fees for an appeal or specify the court to which he sought to appeal and took no steps to perfect the appeal. The trial court did not forward the purported notice of appeal to this Court until May 10, 2019. On May 15, 2019, the trial court filed its Pa.R.A.P. 1925(a) opinion in which it concluded that Appellant had waived all issues on appeal by his failure to file any Statement of Errors Complained of on Appeal. Trial Court Opinion at 2-3.

On May 23, 2019, this Court issued a rule to show cause as to why this appeal should not be dismissed for failure to preserve any issues for appellate review. Appellant filed a response in which he did not dispute that he failed to file and serve a Statement of Errors Complained of on Appeal, but contended that he did not receive the trial court's July 21, 2017 order because his counsel, whom he had discharged, had not completed the process of

withdrawing at that time.  Response to Rule to Show Cause at 1-3.[1]  By order entered June 4, 2019, the Court discharged the rule to show cause and referred the waiver issue to the merits panel.

We conclude that Appellant's failure to file and serve any Statement of Errors Complained of on Appeal waived all issues in this appeal.  The law is clear that where the trial court has issued a Rule 1925(b) order and the docket shows that it was sent by the court to all parties, the appellant's failure to file and serve on the a Statement of Errors Complained of on Appeal in compliance with that order automatically waives all issues on appeal.  **U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua**, 193 A.3d 994, 996-97 (Pa. Super. 2018); **In re Estate of Boyle**, 77 A.3d 674, 679 (Pa. Super. 2013); **Everett Cash Mutual Insurance Co. v. T.H.E. Insurance Co.**, 804 A.2d 31, 33-34 (Pa. Super. 2002); **Giles v. Douglass**, 747 A.2d 1236, 1237 (Pa. Super. 2000).

While Appellant's assertion that he did not receive the trial court's order might excuse his failure to comply within 21 days of the July 21, 2017 order, it cannot excuse his complete failure to file or serve any Statement of Errors Complained of on Appeal after he subsequently learned of the order and his obligation to file a Statement of Errors Complained of on Appeal.  The record

---

[1] Appellant's counsel's petition to withdraw was filed on July 21, 2017 and was granted on July 25, 2017.  Docket Entries at 5-6.

is clear that Appellant had actual notice of the trial court's Rule 1925(b) order and its terms more than 21 days before the trial court issued its Rule 1925(a) opinion.

The record shows that Appellant admits that he reviewed the docket entries in this case in July 2018, over nine months before the trial court forwarded the notice of appeal to this Court and issued its opinion. Defendant's Motion to Strike as Untimely Plaintiff's Praecipe to Withdraw 7/20/18 Petition for Release of Bond Ex. A; **see also** N.T., 12/4/18, at 14-15, attached to Plaintiffs' Motion to Quash Appeal as Ex. E. The docket entries not only note the entry and sending of the Rule 1925(b) order but expressly set forth its terms and the fact that failure to file and serve the Statement of Errors Complained of on Appeal would result in waiver:

> ORDER OF 7-21-17 BY SOMMER, J. PURSUANT TO PA.R.A.P. 1925(B), APPELLANT, MATTHEW KANAPESKY, IS DIRECTED TO FILE OF RECORD & SERVE UPON THIS JUDGE A CONCISE STATEMENT OF ERRORS COMPLAINED OF ON APPEAL OF THE ORDER OF 5-26-17 ENTERED IN THIS MATTER. STATEMENT MUST BE FILED OF RECORD. STATEMENT MUST BE SERVED UPON THIS JUDGE PURSUANT TO PA.R.A.P. 1925(B)(1). STATEMENT MUST BE FILED & SERVED NO LATER THAN 21 DAYS FROM THE DATE OF THE ENTRY ON THE DOCKET OF THIS ORDER. ANY ISSUE NOT PROPERLY INCLUDED IN THE STATEMENT TIMELY FILED & SERVED PURSUANT TO PA.R.A.P. 1925(B) SHALL BE DEEMED WAIVED. ATTENTION OF APPELLANT IS DIRECTED TO PA.R.A.P. 1925(B)(4), WHICH SETS FORTH REQUIREMENTS FOR THE STATEMENT. SEE ORDER.

Docket Entries at 5. In addition, on April 11, 2019, more than 21 days before the trial court forwarded the notice of appeal to this Court and issued its opinion, Appellees served on Appellant a motion to quash in which they

asserted that the appeal was barred by Appellant's noncompliance with the Rule 1925(b) order and provided Appellant with a copy of the order. Plaintiffs' Motion to Quash Appeal ¶¶9-10 & Ex. D. Notwithstanding this notice of the Rule 1925(b) order and his obligations under that order, Appellant never filed or served any Statement of Errors Complained of on Appeal or sought any leave from the trial court to file beyond the 21-day deadline in the July 21, 2017 order. *See* Pa.R.A.P. 1925(b)(2) (providing that trial court may in extraordinary circumstances grant leave to file Statement of Errors Complained of on Appeal *nunc pro tunc*).

Because Appellant's failure to file and serve a Statement of Errors Complained of on Appeal waived all issues in this appeal, we affirm. [2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/19

---

[2] Appellees argue that the appeal should also be dismissed as moot because all work on the water line is complete and Appellant's property has been restored to pre-access condition. While the injunction is no longer in effect, it is not clear that the appeal is entirely moot. The May 26, 2017 order not only required Appellees to restore Appellant's property, but also provided that "if the injunction is dissolved because improperly granted, [Appellees] shall pay to any person injured all actual damages sustained by reason of granting the injunction and all legally taxable costs and fees." Trial Court Order, 5/26/17, ¶3.