J-S30040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NEVIN HALLACHER, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LORETTA SCHICK | : | No. 63 MDA 2021 |

Appeal from the Order Entered December 22, 2020
In the Court of Common Pleas of Berks County Civil Division at No(s):
20-17755

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                 **FILED: JANUARY 14, 2022**

Nevin Hallacher, Jr. (Plaintiff) appeals, *pro se*, from an order of the Court of Common Pleas of Berks County (trial court) requiring Loretta Schick (Defendant) to give him access to a house that they jointly own to retrieve his personal property from that house.  For the reasons set forth below, we affirm.

On November 13, 2020, Plaintiff commenced this action *pro se* by filing a document titled as an emergency motion to gain access to co-owned real property (the Emergency Motion).   In this filing, Plaintiff alleged that he and Defendant, his mother, are co-owners of a house from which she evicted him and sought a court order requiring Defendant to give him access to the house to retrieve his personal property that was still in the house.  Emergency Motion

_____

[*] Retired Senior Judge assigned to the Superior Court.

¶¶3-12, 20-24, 30. Plaintiff did not file any complaint in this action seeking an adjudication of his ownership rights in the house or seeking damages for deprivation of those rights.

On November 18, 2020, the trial court entered an order scheduling a hearing on the Emergency Motion for December 2, 2020. Trial Court Order, 11/18/20. Plaintiff served the Emergency Motion on Defendant on November 13, 2020, but did not send the order scheduling the hearing to Defendant. Plaintiff's Answer to Defendant's Motion for Reconsideration at 3 ¶7. At the December 2, 2020 hearing, Plaintiff appeared and Defendant did not appear, and the trial court entered Plaintiff's proposed order. Trial Court Order, 12/2/2020.

On December 3, 2020, Defendant filed a motion for reconsideration of the December 2, 2020 order seeking to vacate that order on the ground that she did not receive notice of the hearing. Defendant's Motion for Reconsideration ¶¶5-9. On December 11, 2020, the trial court entered an order scheduling a hearing on Defendant's motion for reconsideration. Trial Court Order, 12/11/20. Prior to the hearing on the motion for reconsideration, Plaintiff filed a response to the motion for reconsideration and two other motions concerning his access to the house to obtain his personal property. Plaintiff's Answer to Defendant's Motion for Reconsideration; Docket Entries at 1-2.

On December 16, 2020, the trial court notified the parties that due to the Covid-19 pandemic, the hearing would be conducted on a virtual platform and requested that the parties confirm their email addresses to which the link for the hearing would be sent. 12/16/20 Email, attached to Plaintiff's 1/4/21 Motion for Reconsideration as Exhibit A. Plaintiff confirmed his email address and received the link for the hearing, but although he clicked on the link at the scheduled time of the hearing and was placed in the waiting room, he was reported as having left the waiting room at the time that the hearing started and, as a result, the hearing proceeded in his absence. Plaintiff's 1/4/21 Motion for Reconsideration ¶¶4-7; N.T., 12/17/20, at 2. At this brief hearing, which lasted less than 10 minutes, the trial court emphasized to Defendant's counsel, who was able to successfully connect, that it was important that an order be entered promptly that safely provided Plaintiff access to the house to obtain his personal property. N.T., 12/17/20, at 2-6. The trial court did not issue any order in Plaintiff's absence, but suggested that, to expedite the process, Defendant's counsel could draft and submit an order giving Plaintiff access to retrieve his belongings and Defendant's counsel agreed to do so. *Id.* at 4-6.

After the hearing was over, Plaintiff notified the trial court and Defendant's counsel that he had been on the computer but that he was not let into the hearing. 12/17/20 Emails, attached to Plaintiff's 1/4/21 Motion for Reconsideration as Exhibits D, E, F, & G. Defendant's counsel emailed a

- 3 -

proposed order to Plaintiff and the trial court on December 18, 2020, and Plaintiff on December 18, 2020 emailed Defendant's counsel and the trial court that he objected to the proposed order. 12/18/20 Emails, attached to Plaintiff's 1/4/21 Motion for Reconsideration as Exhibits H & I. On December 21, 2020, the trial court signed the proposed order and that order was entered on December 22, 2020. This order vacated the December 2, 2020 order and ordered that Plaintiff was granted access to the house at issue for up to two eight-hour periods of time to remove his personal property and that Plaintiff could bring a constable with him, at a cost to be shared by the parties. Trial Court Order, 12/22/20.

Plaintiff filed motions challenging the December 22, 2020 order and seeking a new hearing and the trial court scheduled an in person hearing on these motions for January 14, 2021. Trial Court Orders, 12/31/20; Trial Court Orders, 1/4/21. On January 11, 2021, before that hearing, Plaintiff filed the instant appeal.[1]

_____

[1] Plaintiff asserts that the December 22, 2020 order is appealable as a final order. Because the proceeding in which the order was filed was a petition for an emergency order to provide Plaintiff access to a house to retrieve his personal property and not a complaint seeking to determine or enforce ownership rights with respect to the house in question or seeking damages for eviction or interference with those rights, we agree that the order disposed of the entire proceeding and that it is therefore a final order under Pa.R.A.P. 341(b)(1). Although the trial court in its opinion states that this matter is moot and Plaintiff agrees that the appeal is moot, but contends that this Court should nonetheless hear the appeal, Trial Court Opinion at 2, Appellant's Brief at 15, we cannot conclude on the record before us that the appeal is moot. *(Footnote Continued Next Page)*

Plaintiff argues in this appeal that the December 22, 2020 order must be vacated because he was not present at the December 17, 2020 hearing that resulted in the December 22, 2020 order and because the relief that the December 22, 2020 order granted is allegedly inadequate. Before addressing the merits of these issues, however, we must consider whether Plaintiff failed to preserve any issues for review.

On February 9, 2021, the trial court entered an order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file and serve on the trial judge within 21 days a concise statement of errors complained of on appeal and stating that any issue not included in a timely filed statement of errors complained of on appeal "shall be deemed waived." Trial Court Order, 2/9/21. In its March 5, 2021 Rule 1925(a) opinion, the trial court stated that no statement of errors complained of on appeal had been filed and concluded that Plaintiff had therefore waived all issues in the appeal. Trial Court Opinion at 1-2.

We agree that Plaintiff waived all issues in this appeal. The law is clear that where the trial court has issued a Rule 1925(b) order and the docket shows that it was sent by the court to all parties, the appellant's failure to file

---

The record does not show that Plaintiff has retrieved his personal property and Plaintiff's admission that the case is moot is based solely on the fact that the trial court entered an order on February 9, 2021 vacating the December 22, 2020 order. Appellant's Brief at 15. That February 9, 2021 order, however, is of no effect, as it was filed after Plaintiff filed the instant appeal and more than thirty days after the December 22, 2020 order and the trial court therefore no longer had jurisdiction to grant reconsideration of that order or to vacate it. Pa.R.A.P. 1701(a), (b)(3).

and serve on the trial court a statement of errors complained of on appeal in compliance with that order automatically waives all issues on appeal. *U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua*, 193 A.3d 994, 997 (Pa. Super. 2018); *In re Estate of Boyle*, 77 A.3d 674, 679 (Pa. Super. 2013); *Everett Cash Mutual Insurance Co. v. T.H.E. Insurance Co.*, 804 A.2d 31, 33-34 (Pa. Super. 2002); *Giles v. Douglass*, 747 A.2d 1236, 1237 (Pa. Super. 2000). The docket entries in this case show that copies of the trial court's 1925(b) order were sent to the parties on that date. Docket Entries at 2. The docket also shows that Plaintiff filed no concise statement of errors complained of on appeal in the 21-day period after the trial court's Rule 1925(b) order. *Id.* Plaintiff does not contend that he timely filed any statement of errors complained of in this appeal or that he did not receive the trial court's Rule 1925(b) order. Nor does he assert in his brief that anything excused his failure to comply with the trial court's Rule 1925(b) order.

Moreover, even if Plaintiff were not barred by waiver, his appeal would fail on the merits. Contrary to Plaintiff's contentions, there was no improper *ex parte* communication between the trial court and Defendant's counsel and Plaintiff was not deprived of the opportunity to be heard. While Plaintiff was not present at the on-line hearing, that was the result of a computer problem that led the court to believe that Plaintiff had left the virtual waiting room and chosen not to participate, N.T., 12/17/20, at 2, not an intentional exclusion or

any failure to give Plaintiff adequate notice of the hearing. The hearing was transcribed and its contents were not concealed from Plaintiff.

In addition, Plaintiff was served with Defendant's motion for reconsideration of the December 2, 2020 order on December 3, 2020 and responded at length to that motion on December 7, 2020, 10 days before the hearing. Plaintiff's Answer to Defendant's Motion for Reconsideration. Plaintiff's objections to the vacating of the December 2, 2020 order had therefore been presented to the trial court before the hearing. Plaintiff also was given notice of the proposed order on December 18, 2020 and notified the trial court that same day, before the trial court signed the order on December 21, 2020, that he objected to the proposed order on the ground that it limited his rights to access the house. Plaintiff's 1/4/21 Motion for Reconsideration as Exhibits H & I.

Plaintiff's claim that the relief that the December 22, 2020 order granted is inadequate is likewise without merit. This case was brought to obtain an order allowing Plaintiff to retrieve personal belongings. The sole issue before the trial court in this proceeding was Plaintiff's emergency need to access the jointly owned house to retrieve his personal property, not his ownership rights

with respect to the house or whether Defendant had wrongfully excluded him from the house.[2]

The relief granted in the December 22, 2020 order addressed that limited issue of access to retrieve personal belongings and provided reasonable and appropriate relief, up to two eight-hour periods of access with the presence of a constable, with that expense shared by the parties. Trial Court Order, 12/22/20. The fact that the order does not require Defendant to provide unlimited access or impose all costs on Defendant does not make it an unreasonable resolution of the limited issue of emergency need for access to retrieve personal property or make it an abuse of the trial court's discretion. If Plaintiff wishes to assert claims that his joint ownership of the property entitles him to access to the house other than to retrieve his belongings or that he is entitled to compensation for expenses wrongfully caused by Defendant, his remedy is to file an action to resolve the issue of ownership of the house or to seek damages or other relief for violation of those ownership rights, not to attempt to convert a proceeding to obtain access to retrieve personal property into a litigation over the ownership of real property.

---

[2] Indeed, if this proceeding encompassed any claims beyond access to retrieve personal property, the order of December 22, 2020 would not be a final order, as it would not dispose of all claims, and we would be required to quash this appeal. *See Spuglio v. Cugini*, 818 A.2d 1286, 1287 (Pa. Super. 2003) ("Generally, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties").

For the foregoing reasons, we conclude that Plaintiff's failure to file a Rule 1925(b) statement waived all issues in this appeal and that even if it had not, the trial court did not err in entering the December 22, 2020 order. Accordingly, we affirm the trial court.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/14/2022