J-S27045-21

2021 PA Super 228

| KEYSTONE SPECIALTY SERVICES COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | |
| | : | No. 1289 WDA 2020 |
| LYNN E. EBAUGH, MARSHA E. EBAUGH, LIKAR ROOFING COMPANY, INC., AND GUIDO CAPELLI | : | |

Appeal from the Order Entered November 5, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 16-24992


BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

OPINION BY COLINS, J.:                                        **FILED: NOVEMBER 22, 2021**

This matter is an appeal filed by Keystone Specialty Services Company (Plaintiff) from an order of the Court of Common Pleas of Allegheny County (trial court) granting summary judgment in favor defendants Lynn E. Ebaugh and Marsha E. Ebaugh (collectively, Landlord) in a breach of contract and negligence action that Plaintiff brought against Landlord and two other defendants.  For the reasons set forth below, we affirm.

Plaintiff's action arises out of damage to equipment and other personal property that Plaintiff stored in a building owned by Landlord in North Versailles, Pennsylvania.  Plaintiff leased the bottom story of the building (the Premises) under a lease that it and Landlord entered into on November 11,

_____

[*] Retired Senior Judge assigned to the Superior Court.

2013 (the Lease) that provided that Plaintiff would lease the 1,500-square-foot Premises for a rent of $495 per month. Amended Complaint ¶6; Lease at 1; Bazzone Dep. at 62-63. The Lease was for a period of one year and provided that it would renew automatically for another year under the same terms unless Plaintiff or Landlord gave written notice of termination at least 60 days before the end of the lease term. Lease at 1-2. The Lease was renewed pursuant to this provision and was in effect in 2015. Amended Complaint ¶¶7-10; Marsha Ebaugh Dep. at 101-02.

The Lease included the following exculpatory provision:

STORAGE. Tenant shall be entitled to store items of personal property in 1500 sq feet during the term of this Lease. **Landlord shall not be liable for loss of, or damage to, such stored items.**

Lease at 1 (emphasis added). In addition, the Lease provided in an addendum that was also signed by Plaintiff and Landlord:

Insurance to Protect Tenant's Property and Visitors

**Tenant shall be solely responsible, absolutely, to purchase and pay for insurance to protect Tenant's personal property against theft, damage and/or destruction, from any cause or reason, during the term of this lease agreement.** Tenant shall be solely responsible, absolutely, to purchase and pay for Comprehensive Liability insurance to protect Tenant from any and all claims arising from tenant's guest, invitee/s, servant/s, or employee/s, invited to rental unit, building in which rental unit is located and on the property upon which the building is situated. **Landlord shall not be liable to Tenant**, tenant's family, guest, invitee's, servant/s, employee/s **for** any claim arising out of their visit to rental unit, building in which rental unit is located or on the property, upon which the building is situated, or **any loss, damage or destruction of Tenant's personal property.**

Lease Addendum at 2 (emphasis added).  The Lease provided that Landlord was responsible for maintenance of the roof, outside walls, and other structural parts of the building and for all maintenance other than maintenance of the parking lot, driveways, and sidewalks, which were Plaintiff's responsibility.  Lease at 2.

On December 27, 2016, Plaintiff filed this action against Landlord and subsequently added as defendants contractors who performed roof and plumbing repair work on the building in which the Premises were located.  In its complaint, Plaintiff averred that when it entered the Premises to retrieve some of its stored property in March 2015, it found water cascading through the ceiling of the Premises and immediately notified Landlord of the water infiltration.  Amended Complaint ¶¶10-11.  Plaintiff averred that when it returned to the Premises in April 2015, it found that water infiltration was still occurring and that mold was growing on its stored property and averred that it immediately reported this to Landlord.  *Id.* ¶¶13-16.  Plaintiff averred that despite notifying Landlord of the water infiltration in March and April 2015, the water infiltration continued into June 2015, when a broken pipe in the Premises was discovered.  *Id.* ¶¶20-27.  Plaintiff asserted that Landlord's failure to prevent and fix the water infiltration was negligent and a breach of its maintenance obligation under the Lease.  *Id.* ¶¶28-36.  The damages that Plaintiff sought consisted of losses resulting from water and mold damage to the property that it stored on the Premises.  *Id.* ¶¶32, 36.

On January 4, 2019, Landlord filed a motion for summary judgment seeking judgment in its favor on the ground that the Lease barred Plaintiff's claims for damage to the property that it stored on the Premises. Plaintiff, in response, did not dispute that it entered into the Lease or that the Lease contained the language on which Landlord's motion was based, but argued that the Lease terms did not bar its claims.

On April 8, 2019, the trial court granted summary judgment as to Landlord only. Trial Court Order, 4/8/19. Plaintiff appealed that order, but this Court quashed the appeal as interlocutory because the record did not show that the claims against the other two defendants had been resolved. 1162 WDA 2019 Order, 10/18/19. On November 3, 2020, Plaintiff filed a motion in the trial court asserting that its claims against the other defendants had been resolved by settlement and seeking an order that all claims against all defendants had been resolved, and the trial court entered an order on November 5, 2020 that all claims against all defendants had been dismissed or settled. Trial Court Order, 11/5/20. Plaintiff filed the instant appeal on November 25, 2020.

Plaintiff argues in this appeal that the exculpatory clauses in the Lease are not sufficient to relieve Landlord of liability for damage to its stored

property that was caused by Landlord's negligence or breach of contract.[1]

Before addressing the merits of this issue, however, we must consider Landlord's contention that Plaintiff's Pa.R.A.P. 1925(b) statement of errors complained of on appeal was too vague to preserve any issue for review.

On April 29, 2021, the trial court ordered Plaintiff to file a statement of errors complained of on appeal in accordance with Rule 1925(b). Plaintiff timely filed a Rule 1925(b) statement that set forth only the following issue:

> That the Honorable Court of Common Pleas, Allegheny County, erred as a matter of law in granting the Motion for Summary Judgment in favor of Defendants Lynn E. Ebaugh and Marsha Ebaugh [Landlord].

Plaintiff's Concise Statement of Errors Complained of on Appeal. The trial court in its Rule 1925(a) opinion concluded that this Rule 1925(b) statement did not identify any ground on which Plaintiff contended that summary

_____

[1] Plaintiff in the Statement of the Question Involved section of its brief lists the following two issues:
>   A. Whether the Honorable Court of Common Pleas, Allegheny County, erred as a matter of law in granting the Motion for Summary Judgment in favor of Defendants Lynn E. Ebaugh and Marsha Ebaugh.
>   B. Whether the Honorable Court of Common Pleas, Allegheny County, erred as a matter of law in finding that the exculpatory clause in the Lease between the parties was effective to relieve the Ebaugh Defendants of liability for their own negligence or breach of contract.

Appellant's Brief at 4. Appellant's brief, however, contains only one argument section and, as discussed below, the first listed issue is too vague to constitute a separate issue.

judgment was improper and therefore was insufficient to preserve any issue for appellate review. Trial Court Memorandum at 3. We agree.

Where the trial judge has issued a Rule 1925(b) order, the appellant's failure to file and serve on the trial judge a statement of errors complained of on appeal automatically waives all issues on appeal. ***U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua***, 193 A.3d 994, 996-97 (Pa. Super. 2018); ***Lineberger v. Wyeth***, 894 A.2d 141, 148 (Pa. Super. 2006); ***Giles v. Douglass***, 747 A.2d 1236, 1237 (Pa. Super. 2000). A statement that is too vague to allow the trial judge to identify what issues are being raised on appeal is the functional equivalent of no Rule 1925(b) statement at all and constitutes a waiver of all appellate issues. ***Lineberger***, 894 A.2d at 148-49; ***Commonwealth v. Dowling***, 778 A.2d 683, 686–87 (Pa. Super. 2001).

Plaintiff's Rule 1925(b) statement asserted only that the trial court erred in granting summary judgment without identifying any ground on which Plaintiff claims that the trial court's ruling was erroneous. That is insufficient to preserve any issue for appeal. A Rule 1925(b) statement that simply asserts that the court erred in granting summary judgment without stating the reason or reasons that the appellant contends that summary judgment could not be granted is too vague to identify the issues raised on appeal and constitutes a waiver of appellate issues. ***Lineberger***, 894 A.2d at 144, 148-49 (finding waiver on the ground that a Rule 1925(b) statement that "the

Court committed an error of law by granting [Wyeth's] Motion for Summary Judgment based on lack of proximate cause and dismissing [Appellant's] case with prejudice" was insufficient to preserve issues for appeal) (brackets in original).

Plaintiff does not point to any specific error that its Rule 1925(b) statement identified. Rather, it contends that the trial court should have known that its vague statement included all issues raised in its opposition to Landlord's summary judgment motion and that its failure to identify issues was excused by the fact that the order granting summary judgment did not state the trial court's reasoning. Plaintiff's Reply Brief at 1-9. Neither of these arguments has merit. The fact that a trial judge can review the appellant's prior filings to deduce the possible issues the appellant may raise on appeal does not excuse an appellant's failure to comply with a Rule 1925(b) order requiring that it file a statement that identifies the issues that it intends to raise on appeal. *Lineberger*, 894 A.2d at 149 (Rule 1925(b) statement was insufficient because it did not set forth the grounds for denying summary judgment that appellant had asserted in her brief in opposition to appellee's summary judgment motion).

The fact that the trial court did not state its reasoning in its order did not prevent Plaintiff from specifying why it contended that summary judgment could not be granted in this case. It was clear from the trial court's order what the basis of the ruling was, as the motion for summary judgment that it

granted sought summary judgment on only one ground, that the exculpatory clauses in the Lease barred Plaintiff's claims. *Compare Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 804-805 (Pa. Super. 2007) (excusing vague Rule 1925(b) statement where defendants had filed preliminary objections seeking dismissal on multiple different independent grounds and court's order simply stated that it sustained the preliminary objections). Moreover, if Plaintiff felt that it could not discern the basis for the trial court's order sufficiently to identify the issues that it intended to raise in this appeal, it was required to "preface the [Rule 1925(b)] Statement with an explanation as to why the Statement has identified the errors in only general terms." Pa.R.A.P. 1925(b)(4)(vi). Plaintiff's Rule 1925(b) statement contains no such explanation or statement it was unable to discern the basis for the trial court's order; rather, it simply identifies the order at issue and asserts its single vague issue. Plaintiff's Concise Statement of Errors Complained of on Appeal.

Even if Plaintiff were not barred by waiver, however, its appeal would fail on the merits. Summary judgment is properly granted in favor of the defendant where the plaintiff has no cause of action as a matter of law under the undisputed facts. Pa.R.C.P. 1035.2(1) (summary judgment may be granted "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense" and movant is entitled to judgment as a matter of law); *Kibler v. Blue Knob Recreation, Inc.*, 184 A.3d 974, 978–79 (Pa. Super. 2018). In particular, summary judgment is

appropriate and must be affirmed where the undisputed terms of a written agreement bar the plaintiff's claims against the defendant. ***Kibler***, 184 A.3d at 981-86; ***Nissley v. Candytown Motorcycle Club, Inc.***, 913 A.2d 887, 889-92 (Pa. Super. 2006).

It was undisputed here that the lease that Plaintiff had signed and under which it occupied and stored its property on the Premises contained exculpatory clauses that specifically provided, in the same size print as all the other lease terms, that "Landlord shall not be liable for loss of, or damage to, [Tenant's] stored items" and that "Landlord shall not be liable to Tenant … for … any loss, damage or destruction of Tenant's personal property." Lease at 1; Lease Addendum at 2. It was also undisputed that Plaintiff's claims in this action were for damage to personal property that it stored on the Premises.

Exculpatory clauses in contracts are valid where they do not contravene public policy, are between persons relating entirely to their own private affairs and each party is a free bargaining agent to the agreement. ***Chepkevich v. Hidden Valley Resort, L.P.***, 2 A.3d 1174, 1189 (Pa. 2010); ***Topp Copy Products, Inc. v. Singletary***, 626 A.2d 98, 99 (Pa. 1993); ***Kibler***, 184 A.3d at 981. Exculpatory clauses that satisfy these requirements are enforceable and bar negligence claims where the language of the exculpatory clause states that it applies to all claims for injury or damage or to any claim for injury or damage. ***Topp Copy Products***, 626 A.2d at 99-101 & n.1; ***Nissley***, 913 A.2d at 890-91; ***Zimmer v. Mitchell & Ness***, 385 A.2d 437, 440 (Pa. Super.

1978) (*en banc*), **aff'd without opinion**, 416 A.2d 1010 (Pa. 1980). Exculpatory clauses in a commercial lease that provide that the landlord is not liable for any damage to the tenant's personal property on the leased premises are valid and enforceable and bar contract and negligence claims for such property damage. **Topp Copy Products**, 626 A.2d at 99-101 & n.1; **Cannon v. Bresch**, 160 A. 595, 596-97 (Pa. 1932).

The exculpatory language in the Lease is essentially indistinguishable from the exculpatory clauses in **Topp Copy Products** and **Cannon** and was therefore valid and sufficient to bar Plaintiff's claims for damage to its personal property. The Lease twice expressly stated that Landlord would not be liable for damage to Plaintiff's personal property and stated that this applied to "**any** loss, damage or destruction of Tenant's personal property." Lease at 1; Lease Addendum at 2 (emphasis added). The word "any" is equally all-encompassing as the word "all" in the leases at issue in **Topp Copy Products** and **Cannon**. **Zimmer**, 385 A.2d at 440; *Merriam-Webster's Collegiate Dictionary* 56 (11th Ed. 2003) (defining "any" as including "every" and "all"). Moreover, the Lease further made clear that Plaintiff cannot obtain compensation from Landlord for damage to its personal property by expressly providing that Plaintiff must obtain insurance to protect itself from loss from "theft, **damage and/or destruction, from any cause or reason**." Lease Addendum at 2 (emphasis added).

Plaintiff argues that because the Lease did not use the word "negligence" in its exculpatory clauses, the exculpatory clauses are insufficient to bar claims for damage to Plaintiff's property that was caused by Landlord's negligence. That, however, is not the law. Although an indemnification clause does not cover claims arising out of the indemnitee's negligence unless it expressly refers to indemnification for the indemnitee's negligence, *Topp Copy Products*, 626 A.2d at 100-01; *Ruzzi v. Butler Petroleum Co.*, 588 A.2d 1, 4-5 (Pa. 1991), that rule does not apply to exculpatory clauses that bar recovery from the other party and provide no indemnification for claims of third parties. *Chepkevich*, 2 A.3d at 1193; *Topp Copy Products*, 626 A.2d at 100-01; *Nissley*, 913 A.2d at 890-91. "Pennsylvania courts have consistently held that exculpatory clauses may bar suits based on negligence even where the language of the clause does not specifically mention negligence at all." *Chepkevich*, 2 A.3d at 1193. In *Topp Copy Products* and *Nissley*, our Supreme Court and this Court held that exculpatory clauses that did not reference negligence barred claims for damages caused by the defendant's negligence. *Topp Copy Products*, 626 A.2d at 99-101 & n.1; *Nissley*, 913 A.2d at 888, 890-91.

None of the cases cited by Plaintiff support its contention that the absence of the word negligence prevents the exculpatory clauses from barring

Plaintiff's property damage claims. Almost all of these cases[2] involve indemnification clauses, not exculpatory clauses. The lone case not involving an indemnification clause, **Dilks v. Flohr Chevrolet, Inc.**, 192 A.2d 682 (Pa. 1963), pre-dated our Supreme Court's decision in **Topp Copy Products** and involved contract language that expressly provided that negligence claims were not included in its restriction on liability. **Dilks**, 192 A.2d at 684 (excluding liability for "damage by accidental fire or other casualty not occurring through negligence of [Chevrolet] or those employed by or acting for [Chevrolet] alone") (brackets in original, emphasis omitted).

Plaintiff also asserts that two other provisions of the Lease, clauses concerning maintenance and indemnification, prevent the exculpatory clauses from barring its damages claims. These arguments are likewise without merit.

Contrary to Plaintiff's contentions, construing the exculpatory clauses in the Lease to bar its claims does not render the Lease's maintenance clause illusory. Regardless of whether Plaintiff can recover damages to its personal property, the maintenance clause served the purpose of defining the parties' maintenance obligations, making clear that the maintenance of the roof and structure of the building were not Plaintiff's responsibility, and gave Plaintiff

---

[2] **Brotherton Construction Co. v. Patterson-Emerson-Comstock, Inc.**, 178 A.2d 696 (Pa. 1962); **Tidewater Field Warehouses, Inc. v. Fred Whitaker Co.**, 88 A.2d 796 (Pa. 1952); **Perry v. Payne**, 66 A. 553 (Pa. 1907); **Urban Redevelopment Authority of Pittsburgh v. Noralco Corp.**, 422 A.2d 563 (Pa. Super. 1980); **Krass Plus Clothiers, Inc. v. Church's Fried Chicken**, 26 Phila. Co. Rptr. 434 (C.P. 1993).

the right to call on Landlord to make repairs to those parts of the building at Landlord's expense. Plaintiff admits that it did in fact call on Landlord to make repairs to the roof and leaking pipe and that Landlord hired contractors to make these repairs. Amended Complaint ¶¶11, 16, 23, 26-27, 38-39, 44.

The indemnity clause in the Lease provided that "Tenant agrees to indemnify, hold harmless, and defend Landlord from and against any and all losses, claims, liabilities, and expenses, including reasonable attorney fees, if any, which Landlord may suffer or incur in connection with Tenant's possession, use or misuse of the Premises, except Landlord's act or negligence." Lease at 3-4. This is a separate provision governing Plaintiff's liability to Landlord, not Landlord's liability to Plaintiff, and therefore has no effect on the exculpatory clauses that expressly limit Landlord's liability. Moreover, the fact that an indemnity clause elsewhere in the agreement may contain different language from the agreement's broad exculpatory language does not negate the effect of the exculpatory clause or make it ambiguous. **Nissley**, 913 A.2d at 891.

For the foregoing reasons, we conclude that Plaintiff's insufficient Rule 1925(b) statement waived all issues in this appeal and that even if it had not, the trial court did not err in granting summary judgment in Landlord's favor on the ground that Plaintiff's claims were barred by the parties' lease. Accordingly, we affirm the trial court's order.

Order affirmed.

Judge Nichols joins this Opinion.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2021