J-S43032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AVISON YOUNG - PHILADELPHIA, LLC D/B/A AVISON YOUNG | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| BONNIE RICHMAN AND BRAD RICHMAN, | : | No. 1017 EDA 2022 |
| Appellants | : | |

Appeal from the Order Entered March 14, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  181101666

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

JUDGMENT ORDER BY NICHOLS, J.:                      **FILED APRIL 4, 2023**

Appellants Bonnie Richman and Brad Richman appeal *pro se* from the order granting the motion for summary judgment filed by Appellee Avison Young - Philadelphia, LLC D/B/A Avison Young.  Because we conclude that Appellants have waived all of their issues on appeal, we affirm.

Briefly, Appellee filed a complaint against Appellants raising a breach of contract claim alleging non-payment of a commission for the sale of real property.  Appellee filed a motion for partial summary judgment on March 16, 2020.  Appellants did not file a response.  The trial court granted Appellee's motion on October 27, 2020.  On March 14, 2022, the trial court entered final judgment in favor of Appellee.  Appellants filed a timely appeal and a court-

ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion concluding that Appellants' claims were waived.[1]

Appellants raise the following issue on appeal:

Whether the trial court erred by granting summary judgment against [Appellants]?

Appellants' Brief at 5.

Appellants argue that the trial court erred by granting Appellee's motion for partial summary judgment because the trial court "disregarded the fact that there were material issues of fact in dispute choosing instead to make its own independent assessment of facts." *Id.* at 7.

Before we address the merits of Appellants' claim, we first consider whether Appellants preserved their issue for appeal. *See Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007) (stating that this Court "may *sua sponte* determine whether issues have been properly preserved for appeal" (citation omitted and formatting altered)).

---

[1] The trial court found that Appellants' claims were waived because Appellant's Rule 1925(b) was "not specific enough for the [] court to identify and address" the issues raised on appeal. *See* Trial Ct. Op., 6/2/22, at 4-5; *see also Keystone Specialty Serv. Co. v. Ebaugh*, 267 A.3d 1250, 1254 (Pa. Super. 2021) (stating that when issues in the Rule 1925(b) statement are too vague for the trial court to identify and address, that Rule 1925(b) statement is "insufficient to preserve any issue for appeal"). Although we affirm on different grounds, we note that we may affirm on any basis supported by the record. *See Lynn v. Nationwide Ins. Co.*, 70 A.3d 814, 823 (Pa. Super. 2013) (reiterating that an appellate court may affirm a trial court's ruling on any basis supported by the record on appeal).

Pa.R.A.P. 302(a) states that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This Court has explained that "a non-moving party's failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal." **Harber Phila. Ctr. City Office Ltd. v. PLCI Ltd. P'ship**, 764 A.2d 1100, 1105 (Pa. Super. 2000) (citation omitted); **see also** Pa.R.C.P. 1035.3(d) (stating that "[s]ummary judgment may be entered against a party who does not respond to a motion for summary judgment").

Instantly, as stated previously, Appellants did not respond to Appellee's motion for partial summary judgment. Therefore, because Appellants failed to preserve the instant claim before the trial court, it is waived.[2] **See** Pa.R.A.P. 302(a); **Harber**, 764 A.2d at 1105. Accordingly, we affirm.

Order affirmed.

---

[2] We reiterate that Appellants filed a *pro se* appeal. We have held that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **See Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa. Super. 2021) (citation omitted). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court". **See id.** (citation omitted). Accordingly, Appellants are not entitled to relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2023