J-S22025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LINWOOD RUDOLPH WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1655 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 9, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002217-2023

BEFORE:   LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                                   **FILED: JULY 16, 2025**

Linwood Rudolph Williams appeals *pro se* from the aggregate judgment of sentence of thirty days to six months in jail, plus fines, following his convictions for driving under the influence ("DUI") and disregard of traffic lane.  We affirm.

By way of background, Appellant was convicted of the above offenses following a non-jury trial held on August 8, 2024, and sentenced as indicated on October 9, 2024.[1]  Appellant did not file a post-sentence motion but timely appealed *pro se*.  Critically, the trial court entered an order directing him to file a statement of errors pursuant to Pa.R.A.P. 1925, but Appellant failed to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant represented himself at trial and sentencing, though the court provided him with a public defender to serve as standby counsel during those proceedings.

do so.  The court thereafter authored a short opinion concluding that Appellant

had waived all issues on appeal based on his noncompliance with the order.[2]

Appellant raises the following six claims in this Court:

1. Denial of speedy trial right[.]

2. Abuse of discrepancy [*sic*] for diagnosing Appellant's mental competency[.]

3. Insufficient evidence of the DUI conviction[.]

4. Insufficient evidence of the illegal changing of lane conviction[.]

5. Refusing to adequately explain [that] the court's jurisdiction violated Appellant's right to due process of law[.]

6. The court's rubber-stamped orders and document violated Appellant['s] due process of law[.]

Appellant's brief at 1 (some capitalization altered).

Before addressing the merits, we must first ascertain if Appellant

properly preserved these issues for review.  Questions relating to waiver in

these contexts present a question of law, which is subject to *de novo*, plenary

review.  **See Commonwealth v. Parrish**, 224 A.3d 682, 699 (Pa. 2020).

Rule 1925 provides, in pertinent part, as follows:

If the judge entering the order giving rise to the notice of appeal . . . desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal[.]

---

[2] The Commonwealth echoes this sentiment on appeal.  **See** Commonwealth's brief at 7-9.

Pa.R.A.P. 1925(b).  Once the court has ordered the filing of a statement, our rules dictate that "[i]ssues not included in the statement . . . are waived." Pa.R.A.P. 1925(b)(4)(vii) (some capitalization altered).

We have explained the importance of Rule 1925 thusly:

Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal."  Any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review."  Although [an appellant may proceed] *pro se*, under Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants.

*Commonwealth v. Snyder*, 316 A.3d 178, 181 (Pa.Super. 2024) (cleaned up).

Here, there is no dispute that Appellant did not file a statement of errors, despite being directed to do so by the trial court via a rule-compliant order. In his reply brief filed in this court, Appellant for the first time contends that his conduct should be excused because (1) he did not receive the order, and (2) he identified at least some of his appellate claims, though they may have been phrased differently, in his notice of appeal.  **See** Appellant's reply brief at unnumbered 2-3.

Upon review, we agree with the trial court and the Commonwealth that Appellant has waived his issues on appeal by failing to file a Rule 1925(b) statement.  First, concerning Appellant's contention that he did not receive the trial court's Rule 1925 order, we note that the docket reflects the order was filed and served to the parties, including Appellant, by the clerk of courts

- 3 -

in fulfillment of its obligations. **See** Pa.R.Crim.P. 114(C)(2)(c) (requiring that docket entries contain "the date of service of the order or court notice"). Assuming, *arguendo*, that he did not actually receive a copy of the court's order, he nevertheless took no steps to seek *nunc pro tunc* relief or otherwise attempt to cure the issue, nor did he discuss this matter in his principal brief despite the trial court's finding of all issues being waived for failing to comply with its Rule 1925 order.

Furthermore, Appellant cites no authority supporting the proposition that his failure to comply with Rule 1925(b) can be preemptively remedied by identifying issues at the time of appeal. On the contrary, Pennsylvania courts have regularly found waiver in the event an appellant disregards a direct order to file such a statement. **See**, **e.g.**, **Commonwealth v. Butler**, 812 A.2d 631, 634 (Pa. 2002) (holding that "Appellant's failure to comply with the PCRA court's order to file a Rule 1925(b) statement resulted in the automatic waiver of any issues he may have raised on appeal"); **Keystone Specialty Service Company v. Ebaugh**, 267 A.3d 1250, 1254 (Pa.Super. 2021) ("Where the trial judge has issued a Rule 1925(b) order, the appellant's failure to file and serve on the trial judge a statement of errors complained of on appeal automatically waives all issues on appeal."). Appellant therefore has not preserved any issues for review.[3]

_____

[3] Although Appellant's fifth claim discusses in broad generalities the jurisdiction of the trial court, the issue is developed as a due process claim,
*(Footnote Continued Next Page)*

Based on the above, we have no basis to disturb Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2025

---

which is waivable. **See**, **e.g.**, **Commonwealth v. Strunk**, 953 A.2d 577, 579 (Pa.Super. 2008) (noting that "[e]ven issues of constitutional dimension" may be waived pursuant to our appellate rules).